NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AL'SAHAMOON THOMPSON,          :
                                
            Petitioner,        :   Civil Action No. 12-4830 (CCC)
                                
        v.                     :   OPINION
                                
CHARLES WARREN,                :
et al.,                        
                               :
            Respondents.       

APPEARANCES:

   **Al'Shamoon Thompson**, Petitioner Pro Se
   231677
   New Jersey State Prison
   P.O. Box 861
   Trenton, NJ 08625

   Sara A. Friedman
   Essex County Prosecutor
   Essex County Courts Building
   Newark, NJ 07102

**CECCHI**, District Judge

   Petitioner Al'Shamoon Thompson ("Petitioner"), a prisoner currently confined at New Jersey State Prison, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Charles Warren and Jeffrey S. Chiesa.

   For the reasons stated herein, the Petition will be dismissed.

I. BACKGROUND

   Petitioner was convicted of first-degree purposeful or knowing murder, first-degree attempted murder, second-degree

aggravated assault, third-degree unlawful possession of a handgun, second-degree possession of a handgun for an unlawful purpose, and fourth degree possession of a silencer. (Answer, docket entry no. 12, Exhibit 1.)  He was convicted by a jury of all offenses and was sentenced on July 3, 1997 to life imprisonment plus 25 years with a 40 year period of parole ineligibility.  (Answer, docket entry no. 12, Exhibit 2.) As recounted in Respondent's Answer, the dates for calculating the timeliness of the pending Petition are as follows:

>   July 3, 1997 (sentencing)
>   June 23, 1999 (conviction affirmed)
>   October 26, 1999 (petition for certification denied)
>   July 31, 2000 (PCR filed)
>   June 26, 2006 (PCR denied)
>   July 13, 2006 (motion for reconsideration filed)
>   November 9, 2006 (motion for reconsideration denied)
>   January 18, 2007 (notice of appeal filed)
>   February 6, 2009 (case remanded)
>   July 30, 2009 (PCR denied)
>   August 12, 2009 (motion for reconsideration filed)
>   November 2, 2009 (motion denied)
>   February 2, 2010 (notice of appeal filed)
>   July 13, 2011 (order affirmed)
>   August 10, 2011 (notice of petition for certification filed)
>   August 15, 2011 (Supreme Court stay sought)
>   August 31, 2011 (motion to file for reconsideration in Appellate Division and to file as within time)
>   September 19, 2011 (motion for reconsideration denied and motion to file for reconsideration as within time denied)
>   December 7, 2011 (motion to file notice of petition for certification as within time filed)
>   January 12, 2012 (motion granted to file as within time)
>   February 2, 2012 (petition for certification denied)

August 10, 2012 (petition for writ of habeas corpus filed)[1] (Answer, docket entry no. 12, page 7.)

Petitioner was advised of his rights pursuant to <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000), and both an Order to Show Cause and Order to Answer have been issued regarding timeliness.

## II.   STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970).

## III.   STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in

---

[1] The Court recognizes that pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court. See <u>Houston v. Lack</u>, 487 U.S. 266, 270-71 (1988); <u>see also</u> <u>Burns v. Morton</u>, 134 F.3d 109, 112-13 (3d Cir. 1998) (applying prison mailbox rule set forth in <u>Houston</u>, which dealt with the filing of an appeal, to a pro se prisoner's filing of a habeas petition). However, here Petitioner's petition was unsigned and undated. Therefore, the Court will use the date the petition was received by the Court, which was August 10, 2012.

3

custody pursuant to the judgment of a State court. The limitation period shall run from ...
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n. 1 (3d Cir. 1999); U.S. Sup.Ct. R. 13.

The limitations period is tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal

to a higher court, <u>Carey v. Saffold</u>, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed. <u>Swartz</u>, 204 F.3d at 420-24. Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." <u>Stokes v. Dist. Attorney of the County of Philadelphia</u>, 247 F.3d 539, 542 (3d Cir. 2001).

Here, it is clear that the statutory time period of one year had elapsed during certain gaps in Petitioner's pursuit of his state court remedies with respect to the appeal of his criminal conviction. Without even having to arrive at a decision as to whether or not the limitations period would have been tolled during the times when Petitioner sought reconsideration of certain state court decisions, this Court finds that Petitioner allowed his one year limitations period to elapse. Specifically, the Court notes the significant gaps which equal more than the one year time frame, including the following time periods: between October 26, 1999 (when the Supreme Court of New Jersey denied certification) and July 31, 2000 (when Petitioner filed for PCR), between November 9, 2006 (when his motion for reconsideration was denied) and January 18, 2007 (when he filed his notice of appeal), between November 2, 2009 (when his second

motion for reconsideration was denied) and February 2, 2010 (when he filed his notice of appeal), and between February 2, 2012 (when his final PCR was denied) and August 10, 2012 (when his Petition was filed with this Court).

Although Petitioner filed an Amended Petition (docket entry no. 6) and Amended Memorandum of Law (docket entry no. 16) on February 1, 2013, he has offered no response to the challenge that the matter is time-barred. While a petitioner may be able to overcome this statutory time bar if he or she can show that the limitations period did not expire as determined by this Court, or if he or she can show a basis for equitable tolling, see Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998), Petitioner here has not made such a showing. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised

6

reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).[2] Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting

---

[2] The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

<u>Valverde v. Stinson</u>, 224 F.3d 129, 134 (2d Cir. 2000)), <u>cert</u>. <u>denied</u>, 539 U.S. 948 (2003).

Petitioner has not shown that he exercised reasonable diligence in light of any extraordinary circumstances and has shown no basis for equitable tolling. Accordingly, the petition is time-barred and shall be dismissed.

IV. <u>CERTIFICATE OF APPEALABILITY</u>

The Court next must determine whether a certificate of appealability should issue. <u>See</u> Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." <u>Id.</u>

For the reasons discussed above, this § 2254 habeas petition is time-barred. The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion. Consequently, a certificate of appealability will not be issued.

## V. CONCLUSION

For the reasons set forth above, the Petition must be dismissed. An appropriate order follows.

Dated: March 13, 2013

CLAIRE C. CECCHI
United States District Judge