UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

AL'SHAMOON THOMPSON,

   Petitioner,

v.

CHARLES WARREN, et al.,

   Respondents.

Civ. No. 12-4830 (CCC)

**OPINION**

---

<u>**CLAIRE C. CECCHI, U.S.D.J.**</u>

### I. INTRODUCTION

Petitioner is a state prisoner currently incarcerated at the New Jersey State Prison in Trenton, New Jersey. Petitioner is proceeding *pro se* and previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court denied the petition as time-barred on March 13, 2013. (*See* Dkt. Nos. 17 & 18.) Presently pending before the Court is Petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). (Dkt. No. 27.) The Clerk will be ordered to reopen this matter so that the Court can rule on the motion. For the following reasons, Petitioner's motion for relief from judgment will be denied.

### II. BACKGROUND

The Court previously explained the lengthy procedural history of this case in the March 13, 2013 Opinion; specifically:

> Petitioner was convicted of first-degree purposeful or knowing murder, first-degree attempted murder, second-degree aggravated assault, third-degree unlawful possession of a handgun, second-degree possession of a handgun for an unlawful purpose, and fourth degree possession of a silencer. He was convicted by a jury of all offenses and was sentenced on July 3, 1997 to life imprisonment plus 25 years with a 40 year period of parole ineligibility. As recounted in Respondent's Answer, the dates for calculating the timeliness of the pending Petition are as follows:
>
> July 3, 1997 (sentencing)
> June 23, 1999 (conviction affirmed)

1

> October 26, 1999 (petition for certification denied)
> July 31, 2000 (PCR filed)
> June 26, 2006 (PCR denied)
> July 13, 2006 (motion for reconsideration filed)
> November 9, 2006 (motion for reconsideration denied)
> January 18, 2007 (notice of appeal filed)
> February 6, 2009 (case remanded)
> July 30, 2009 (PCR denied)
> August 12, 2009 (motion for reconsideration filed)
> November 2, 2009 (motion denied)
> February 2, 2010 (notice of appeal filed)
> July 13, 2011 (order affirmed)
> August 10, 2011 (notice of petition for certification filed)
> August 15, 2011 (Supreme Court stay sought)
> August 31, 2011 (motion to file for reconsideration in Appellate Division and to file as within time)
> September 19, 2011 (motion for reconsideration denied and motion to file for reconsideration as within time denied)
> December 7, 2011 (motion to file notice of petition for certification as within time filed)
> January 12, 2012 (motion granted to file as within time)
> February 2, 2012 (petition for certification denied)
> August 10, 2012 (petition for writ of habeas corpus filed)

(Dkt. No. 17 at p. 1-3, citations to Answer omitted.) The Court noted that those dates indicate:

> . . . significant gaps which equal more than the one year time frame, including the following time periods: between October 26, 1999 when the Supreme Court of New Jersey denied certification and July 31, 2000 when Petitioner filed for PCR, between November 9, 2006 when his motion for reconsideration was denied until January 18, 2007 when he filed his notice of appeal, between November 2, 2009 when his second motion for reconsideration was denied and February 2, 2010 when he filed his notice of appeal, and between February 2, 2012 when his final PCR was denied and August 10, 2012 when his Petition was filed with this Court.

(Dkt. No. 17 at p. 5.)

As a result of that Opinion, the matter was dismissed as time-barred. Petitioner thereafter filed a notice of appeal (Dkt. No. 19) and a motion for leave to appeal in forma pauperis (Dkt. No. 20). The motion for leave to appeal in forma pauperis was denied (Dkt. No. 30) and Petitioner filed a letter requesting to withdraw his notice of appeal (Dkt. No. 32). The United States Court of Appeals for the Third Circuit issued an order dismissing the appeal pursuant to Federal Rule of

2

Civil Procedure 42(b) (Dkt. No. 31). Currently before the Court is Petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (Dkt. No. 27).

### III.   DISCUSSION

Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party . . . from final judgment, order or proceeding" on the grounds of:

> (1) mistake, inadvertence, surprise or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

"'The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done.'" *Walsh v. Krantz*, 423 F. App'x 177, 179 (3d Cir. 2011) (per curiam) (quoting *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978)). "Rule 60(b) is a provision for extraordinary relief and may be raised only upon a showing of exceptional circumstances." *Mendez v. Sullivan*, 488 F. App'x 566, 568 (3d Cir. 2012) (per curiam) (citing *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)). "Rule 60(b) provides that a motion for relief from judgment or order 'shall be made within a reasonable time,' or if based on mistake, newly

3

discovered evidence, or fraud, 'not more than one year after the judgment, order, or proceeding was entered or taken." *United States v. Fiorelli*, 337 F.3d 282, 288 n.3 (3d Cir. 2003).

With respect to some of the individual provisions of Rule 60(b), "[r]ule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests, but the Rule provides a means by which a party can ask a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992)). The moving party bears the burden of establishing that changed circumstances exist. *See id.*

Rule 60(b)(6) is a catch-all provision and provides that a party may be relieved from a final judgment or order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, obtaining relief under Rule 60(b)(6) requires extraordinary and special circumstances. *See Pridgen v. Shannon*, 380 F.3d 721, 728 (3d Cir. 2004) (citation omitted). "Such circumstances rarely occur in the habeas context." *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

For the purposes of this Opinion, the Court will assume, without deciding, that petitioner filed his Rule 60(b) motion within a "reasonable time."

In his brief, Petitioner argues that his habeas petition should not have been dismissed as untimely due to reasonable diligence on his behalf in "attempting to investigate and bring his claims." (Dkt. 27-1, pg. 5.) Petitioner offers no extraordinary circumstances to warrant relief here. Instead, his brief is another attempt to offer arguments in support of his assertion that the petition is timely filed. That issue was addressed by both parties earlier in this litigation and resolved by this Court's Opinion and Order to dismiss as time-barred.

Petitioner also argues that equitable tolling should apply for the period of time during the pendency of his second application for post-conviction relief, which he asserts was a reconsideration motion of his post-conviction relief petition, and asserts that extraordinary circumstances apply here. (Dkt. 27-1, pgs. 13-18.) That filing was properly treated by the state court as a second application for post-conviction relief. (*See* Dkt. 15-4, Exhibit 14 to Answer, Law Division Opinion, November 2, 2009.) Thus, it appears that Petitioner's assertions of equitable tolling with regard to those dates is misguided. The Court need not reach that issue because, given the dates as recited earlier in this Opinion, the statute of limitations period would have already run prior to the filing of Petitioner's second PCR. Thus, the later filing of a second PCR petition does not revive an expired limitations period and would not supply grounds for tolling.

Petitioner has not demonstrated the extraordinary and special circumstances necessary to obtain relief under Rule 60(b)(6). *See Pridgen*, 380 F.3d at 728. As stated in this Court's earlier Opinion, the Petition is time-barred.[1] Petitioner presents no facts or arguments to support equitable tolling such that the expiration of the limitations period did not run before filing with this Court. Petitioner's arguments regarding whether or not his reconsideration of the denial of PCR was a reconsideration motion or a second PCR filing is immaterial since, even if that time period is included as a period of statutory tolling, the Petition here is otherwise time-barred.

Accordingly, Petitioner's motion for relief from judgment pursuant to Rule 60(b) will be denied.

---

[1] Petitioner has not made any sufficient argument which would warrant disturbing this Court's previous ruling. The Court notes, without deciding, that even were the Court to consider Petitioner's new arguments regarding timeliness in his brief accompanying this motion, it appears that the Petition would still be out-of-time.

## IV. CERTIFICATE OF APPEALABILITY

To appeal an order disposing of petitioner's Rule 60(b) motion, a certificate of appealability must issue. *See Hickman v. Cameron*, No. 13-1917, 2013 WL 3802394, at *1 (3d Cir. July 23, 2013) (citing *Morris v. Horn*, 187 F.3d 333, 341 (3d Cir. 1999); 28 U.S.C. § 2253(c)(2)). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Applying this standard, the Court finds that a certificate of appealability shall not issue in this case.

## V. CONCLUSION

For the foregoing reasons, Petitioner's motion for relief from judgment will be denied and a certificate of appealability shall not issue. An appropriate order will be entered.

CLARIE C. CECCHI
United States District Judge

DATED: December 18, 2013